IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MS AMLIN CORPORATE MEMBER LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| FLOYD, INC.; UNITED MEDICAL ENTERPRISE, INC; ALSIP MINIMILL, LLC; GREIF, INC.; WESTROCK COMPANY; SEA FREIGHT LOGISTICS, INC.; MARS PETCARE US, INC.; MGP INGREDIENTS, INC.; ZF CHASSIS SYSTEMS TUSCALOOSA, LLC; INTERNATIONAL PAPER CO.; AMERICAN AXLE & MANUFACTURING, INC.; MITSUBISHI CHEMICAL AMERICA, INC.; CATERPILLAR, INC.; GENERAL MILLS OPERATIONS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR RESCISSION AND
DECLARATORY JUDGMENT**

Plaintiff MS AMLIN CORPORATE MEMBER LTD, by its undersigned counsel, for its Complaint for Rescission and Declaratory Judgment pursuant to 28 U.S.C. §2201(a), states as follows:

**Nature of Claims**

1.  This is an action by Plaintiff MS Amlin Corporate Member Ltd ("Amlin"), as sole underwriting member of Lloyd's Syndicate 2001, to rescind Motor Truck Cargo Policy No. 228352-MTC067 issued to Defendant Floyd, Inc. for the policy period of June 24, 2022 to June 24, 2023.

2. Plaintiff Amlin seeks to rescind the subject insurance policy on the grounds that Defendant Floyd, Inc. made misrepresentations that were material to the acceptance of the risk by Amlin and the hazard assumed by Amlin, upon which Amlin relied in issuing the subject policy.

3. Plaintiff Amlin further seeks declaratory judgment relief declaring that it has no duty to defend against, indemnify against, or pay any of the claims asserted under the subject policy because the policy should be deemed void *ab initio*.

### The Parties

4. Plaintiff MS Amlin Corporate Member Ltd ("Amlin") is a private limited company incorporated under the laws of England and Wales, having its principal place of business at 122 Leadenhall Street, London UK EC3V 4AG. Amlin is the sole underwriting member of Lloyd's Syndicate 2001.

5. Defendant Floyd, Inc. is an Illinois corporation with its principal place of business in Bensenville, Illinois.

6. Defendant United Medical Enterprise, Inc. is a Georgia corporation with its principal place of business in Thomson, Georgia.

7. Defendant Alsip MiniMill, LLC is a Delaware limited liability company with its principal place of business in Bedford Park, Illinois. Upon information and belief, Alsip MiniMill, LLC's members are citizens of states within the United States of America and are not citizens of England or Wales.

8. Defendant Greif, Inc. is a Delaware corporation with its principal place of business in Delaware, Ohio.

9. Defendant WestRock Company is a Delaware corporation with its principal place of business in Atlanta, Georgia.

10. Defendant Sea Freight Logistics, Inc. is a Puerto Rico corporation with its principal place of business in Carolina, Puerto Rico.

11. Defendant Mars Petcare, US, Inc. is a Delaware corporation with its principal place of business in Franklin, Tennessee.

12. Defendant MGP Ingredients, Inc. is a Kansas corporation with its principal place of business in Atchison, Kansas.

13. Defendant ZF Chassis Systems Tuscaloosa, LLC is a Delaware limited liability company with its principal place of business in Tuscaloosa, Alabama. Upon information and belief, ZF Chassis Systems Tuscaloosa, LLC's members are citizens of states within the United States of America and are not citizens of England or Wales.

14. Defendant International Paper Company is a New York corporation with its principal place of business in Memphis, Tennessee.

15. Defendant American Axle & Manufacturing, Inc. is a Delaware corporation with its principal place of business in Detroit, Michigan.

16. Defendant Mitsubishi Chemical America, Inc. is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

17. Defendant Caterpillar, Inc. is a Delaware corporation with its principal place of business in Irving, Texas.

18. Defendant General Mills Operations, Inc. is a Delaware corporation with its principal place of business in Golden Valley, Minnesota.

## Jurisdiction

19. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff MS Amlin Corporate Member Ltd and each and all of the Defendants to the action, and the amount in controversy in the action exceeds the sum of $75,000, exclusive of interest and costs, as the total value of all claims asserted under the insurance policy at issue in this case exceeds that amount. To the extent the claims asserted in this action are not deemed to be one matter, this Court has supplemental jurisdiction under U.S.C. § 1367(a) as all the claims form part of the same case or controversy.

## Venue

20. Venue is properly in this Court premised upon 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this district. The policy of insurance at issue in this case was issued by Plaintiff to Defendant Floyd, Inc. in this district.

## The Application and Policy

21. Defendant Floyd, Inc. is a federally authorized interstate motor carrier of property.

22. Defendant Floyd, Inc. applied for insurance pursuant to a Truckers Application (the "Application"). A copy of the Application is attached hereto as Exhibit 1.

23. The Application requires the applicant to provide details of equipment operated by the applicant, including the number of Tractors operated.

24. Defendant Floyd, Inc. answered that it operated, and would be operating in the upcoming year, a total of 12 Tractors.

4

25. Defendant Floyd, Inc. also completed and signed a Motor Truck Cargo Proposal Form (the "Proposal Form") in connection with its request for insurance. A copy of the completed and signed Proposal Form is attached hereto as Exhibit 2, and is also attached to the policy of insurance that was subsequently issued.

26. The Proposal Form requested the number of vehicles for which cargo insurance is required and was completed as follows:

13. Please give details of the number of vehicles for which cargo cover is required:

| | | | |
|---|---|---|---|
| Tractor Units | 12 | Reefer Trailers 10 years old or less | 12 |
| Straight Trucks | | Reefer Trailers more than 10 years old | |
| Reefer Trucks | | Flat Bed Trailers | |
| Tank Trucks | | Tank Trailers | |
| Other Power Units | | Other Trailers | |
| Total Number of Power Units | | Total Number of Trailers | |

27. The completed Proposal Form was signed on June 24, 2022 by Defendant Floyd, Inc.'s president Aleksandar Mimic below the following statement:

> I/we hereby declare that the statements and particulars given on this form are true to the best of my/our knowledge and belief and that I/we have not suppressed, withheld or modified any material facts. I/we agree that should a policy be issued, this form shall be the basis of the contact [sic], and that any change in the pattern of my/our trade or trade practices shall be advised to the Underwriters who may at their discretion, vary the terms and conditions of the contract.

28. In reliance upon the above representations in the Application and Proposal Form, Plaintiff Amlin issued Motor Truck Cargo Policy No. 228352-MTC067 to Defendant Floyd, Inc. for the policy period of June 24, 2022 to June 24, 2023 (the "Policy"). A certified copy of the Policy is attached hereto as Exhibit 3.

29. The Policy covers the legal liability of the insured as a motor carrier for direct physical loss or damage to shipments of property of others in the insured's,

custody and control in the ordinary course of transit, with a coverage limit of $250,000.00 per occurrence.

30. The Policy sets forth the following duty of disclosure:

> **2. Duty of Disclosure:** Since an insurance contract is based upon the duty of utmost good faith, it is important that those seeking insurance should provide full disclosure of all material facts to insurers and that this information should be kept updated. Courts will find a fact to be 'material' where it would affect the judgement of a prudent Underwriter as to whether or not to accept the risk at the particular terms offered. The practical advice, which we give to clients or producers, is this: If you are in doubt we recommend that you advise the information to insurers.

31. The Policy further contains the following condition:

**CONDITIONS**

\* \* \*

> **2. Misrepresentation and Fraud.** This entire Certificate shall be void if, whether before or after a loss, the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or any claim for any property covered hereunder, or the interest of the Insured therein, or in case of any fraud or false swearing by the Insured relating thereto.

### Operations of Defendant Floyd, Inc.

32. Defendant Floyd, Inc. represented to Plaintiff Amlin that it was operating and intended to operate a total of 12 Tractors.

33. Plaintiff Amlin issued the Policy in reliance upon the above representations.

34. However, on December 16, 2022, Defendant Floyd. Inc. reported to the Federal Motor Carrier Safety Administration that it was operating a total of 112 Power Units (Tractors).

35. Upon information and belief, at the time Defendant Floyd, Inc. applied for the insurance and represented that it was operating a total of 12 Tractors, Floyd, Inc. was actually operating substantially more than 12 Tractors in its business, and intended to continue to operate substantially more than 12 Tractors during the pendency of the Policy.

36. Upon information and belief, contrary to its representations in the Application and Proposal Form, Defendant Floyd, Inc. has operated at least 81 Tractors during the pendency of the Policy.

37. Upon information and belief, at any given time during the pendency of the Policy, Defendant Floyd, Inc. was operating well in excess of 12 Tractors.

38. Subsequent to issuance of the Policy, Defendant Floyd, Inc. submitted monthly reports purporting to list all Tractors that it had added or deleted from those it was operating within its business.

39. Defendant Floyd, Inc. underreported the actual Tractors that it had in service in each report submitted.

40. None of the monthly reports submitted by Defendant Floyd, Inc. accurately and truthfully listed all of the Tractors that Floyd, Inc. actually had in service during the time period covered by the report.

41. Defendant Floyd, Inc.'s underreporting and its operation of substantially more Tractors than the number represented to Plaintiff is evidenced by records of inspections conducted by the United States Department of Transportation ("DOT").

42. Examples of DOT inspections that evidence Defendant Floyd, Inc.'s underreporting and its operation of substantially more Tractors than represented are:

(1) Floyd, Inc. was subjected to a DOT inspection on August 26, 2022 with regard to a Tractor whose last four digits of its Vehicle Identification Number ("VIN") were 9655, meaning that Floyd, Inc. was operating that Tractor during the policy period. That Tractor was never included in a monthly report from Floyd, Inc.

(2) Floyd, Inc. was subjected to a DOT inspection on September 15, 2022 with regard to a Tractor whose last four digits of its VIN were 9645, meaning that Floyd, Inc. was operating that Tractor during the policy period. That Tractor was never included in a monthly report from Floyd, Inc.

(3) Floyd, Inc. was subjected to a DOT inspection on December 29, 2022 with regard to a Tractor whose last four digits of its VIN were 8627, meaning that Floyd, Inc. was operating that Tractor during the policy period. That Tractor was never included in a monthly report from Floyd, Inc.

(4) Floyd, Inc. was subjected to a DOT inspection on January 4, 2023 with regard to a Tractor whose last four digits of its VIN were 9011, meaning that Floyd, Inc. was operating that Tractor during the policy period. That Tractor was never included in a monthly report from Floyd, Inc.

(5) Floyd, Inc. was subjected to a DOT inspection on January 11, 2023 with regard to a Tractor whose last four digits of its VIN were 4149, meaning that Floyd, Inc. was operating that Tractor during the

      policy period. That Tractor was never included in a monthly report from Floyd, Inc.

(6)   Floyd, Inc. was subjected to a DOT inspection on January 25, 2023 with regard to a Tractor whose last four digits of its VIN were 9640, meaning that Floyd, Inc. was operating that Tractor during the policy period. That Tractor was never included in a monthly report from Floyd, Inc.

(7)   Floyd, Inc. was subjected to a DOT inspection on January 30, 2023 with regard to a Tractor whose last four digits of its VIN were 9859, meaning that Floyd, Inc. was operating that Tractor during the policy period. That Tractor was never included in a monthly report from Floyd, Inc.

43. Defendant Floyd, Inc.'s misrepresentations regarding the number of Tractors it operated materially affected the acceptance of the risk by Plaintiff Amlin and the hazard assumed by Plaintiff Amlin under the Policy.

44. Plaintiff Amlin reasonably relied on the representations made by Defendant Floyd, Inc. in issuing the Policy and in continuing to insure Floyd, Inc.

## The Cargo Claims

45. Plaintiff Amlin has received numerous claims for damage to or loss of cargo transported by Defendant Floyd, Inc. during the Policy period.

46. Defendant United Medical Enterprise, Inc. has asserted a claim for a cargo loss that occurred on September 2, 2022 in the amount of $4,880.00.

47. Defendant Alsip MiniMill, LLC has asserted a claim for a cargo loss that occurred on August 4, 2022 in the amount of $14,892.68.

48. Defendant Greif, Inc. has asserted a claim for a cargo loss that occurred on December 15, 2022 in the amount of $25,815.40.

49. Defendant WestRock Company has asserted a claim for a cargo loss that occurred on August 7, 2022 in the amount of $33,140.22.

50. Defendant Sea Freight Logistics, Inc. has asserted a claim for a cargo loss that occurred on December 12, 2022 in the amount of $139,002.64.

51. Defendant Mars Petcare, US, Inc. has asserted a claim for a cargo loss that occurred on September 19, 2022 in the amount of $2,817.90.

52. Defendant MGP Ingredients, Inc. has asserted a claim for a cargo loss that occurred on December 17, 2022 in the amount of $30,019.00.

53. Defendant ZF Chassis Systems Tuscaloosa, LLC has asserted a claim for a cargo loss that occurred on October 27, 2022 in the amount of $16,613.16.

54. Defendant International Paper Co. has asserted a claim for a cargo loss that occurred on February 22, 2023 in the amount of approximately $14,000.00.

55. Defendant American Axle & Manufacturing, Inc. has asserted a claim for a cargo loss that occurred on October 28, 2022 in the amount of $7,880.25.

56. Defendant Mitsubishi Chemical America, Inc. has asserted a claim for a cargo loss that occurred on December 9, 2022 in the amount of $38,221.00.

57. Defendant Caterpillar, Inc. has asserted a claim for a cargo loss that occurred on March 10, 2023 in the amount of $260,897.05.

58. Defendant General Mills Operations, Inc. has asserted a claim for a cargo loss that occurred on January 28, 2023 in the amount of $55,587.22.

## COUNT ONE - RESCISSION

59. Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint as if set forth fully herein.

60. As set forth above, Defendant Floyd, Inc. made misrepresentations of material facts regarding the number of Tractors it operated and intended to operate.

61. Defendant Floyd, Inc. was aware of the material representations when the Application and Proposal Form were completed and signed.

62. The misrepresentations made by Defendant Floyd, Inc. were material to the acceptance of the risk by Plaintiff Amlin and the hazard assumed by Plaintiff Amlin.

63. In reliance on the misrepresentation made by Defendant Floyd, Inc., Plaintiff Amlin issued the Policy.

64. Plaintiff Amlin reasonably relied on misrepresentations by Defendant Floyd, Inc. in issuing the Policy and in continuing to insure Floyd, Inc.

65. Had Defendant Floyd, Inc. not made the subject material misrepresentations, Plaintiff Amlin would not have issued the Policy on the same terms and conditions.

66. Had Defendant Floyd, Inc. truthfully represented the material facts, Plaintiff Amlin would not have issued the Policy on the same terms and conditions.

67. Plaintiff Amlin did not learn of the misrepresentations made by Defendant Floyd, Inc. until after the cargo losses described above were incurred and claims were made against Plaintiff Amlin under the Policy.

11

68. Pursuant to the language of the Policy and applicable Illinois law, Plaintiff Amlin is entitled to rescind the Policy and have it declared void from its inception based upon Defendant Floyd, Inc.'s material misrepresentations.

WHEREFORE, Plaintiff MS AMLIN CORPORATE MEMBER LTD respectfully requests that this Court order that the Policy issued to Defendant Floyd, Inc. is and was void from its inception and therefore Plaintiff does not have any obligations or liability under the Policy, except to refund the premiums already paid.

## COUNT TWO – DECLARATORY JUDGMENT

69. Plaintiff Amlin incorporates by reference paragraphs 1 through 68 of this Complaint as if set forth fully herein.

70. Plaintiff Amlin contends that there is no duty to defend against, indemnify against, or pay any of the claims asserted under the Policy because the Policy should be deemed void *ab initio* based upon the Policy language and applicable law, due to the material misrepresentations made by Defendant Floyd, Inc. described above.

71. An actual and justiciable controversy exists between Plaintiff Amlin and the Defendants.

WHEREFORE, Plaintiff MS AMLIN CORPORATE MEMBER LTD respectfully requests that this Court declare and adjudge the controversy between Plaintiff and Defendants, declaring that Amlin has no duty to defend against, indemnify against, or pay any of the above-described claims asserted under the Policy.

## REQUEST FOR RELIEF

72. Based upon the foregoing facts and the attached exhibits, Plaintiff Amlin respectfully requests the following relief:

(1) That this Court order that the Policy issued by Plaintiff Amlin to Defendant Floyd, Inc. is and was void from its inception and therefore Plaintiff Amlin does not have any obligations or liability under the Policy, except to refund the premiums already paid;

(2) That this Court declare that Plaintiff Amlin has no duty to defend against, indemnify against, or pay any of the cargo claims asserted under the Policy; and

(3) That this Court grant Plaintiff Amilin its costs of this action, and such other and further relief as the Court deems just and proper

Dated: May 23, 2023                     MS AMLIN CORPORATE MEMBER LTD

By: /s/Scott W. McMickle
    /s/Jon M. Hughes
    Scott W. McMickle
    (Georgia Bar No. 497779)
    Jon M. Hughes
    (Georgia Bar No. 835057)
    MCMICKLE, KUREY & BRANCH, LLP
    217 Roswell Street, Suite 200
    Alpharetta, Georgia 30009
    (678) 824-7800
    swm@mkblawfirm.com
    jhughes@mkblawfirm.com

By: /s/Mitchell H. Frazen
    Mitchell H. Frazen
    (Illinois Bar No. 3127119)
    LITCHFIELD CAVO LLP
    303 West Madison, Suite 300
    Chicago, Illinois 60606
    (312) 781-6618
    Frazen@LitchfieldCavo.com